**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIAM WESLEY ROBERTS,**

    **Petitioner,**

**v.**                                     **Case No. 4:25cv200-TKW/MAF**

**STATE OF FLORIDA,**

    **Respondent.**

_____/

**ORDER and
REPORT AND RECOMMENDATION
TO TRANSFER HABEAS CORPUS PETITION**

On or about April 22, 2025, William Wesley Roberts, a state inmate proceeding pro se, filed a "federal complaint" which he indicates is "a Civil Action authorized by 42 U.S.C. Section 1983." ECF No. 1. The Clerk's Office has thus opened this case as a civil rights case. Roberts has not yet paid a filing fee or submitted a motion for leave to proceed in forma pauperis (IFP).

A closer examination of his filing reveals that Roberts actually seeks habeas corpus relief. *See* ECF No. 1 at 3. There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Preiser v. Rodriguez, 411 U.S. 475 (1973). Habeas corpus is the exclusive remedy for

a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994); Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (explaining that federal habeas corpus petition and civil rights complaints "are mutually exclusive" avenues of relief and "if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action").

In this case, as relief, Roberts seeks "a declaration that the acts and omissions" he describes concerning his arrest and state court trial "violate[] his rights under the Constitution and Laws of the United States," a new jury trial, and "his 'emergency release'" as well as "any additional relief this Court deems just, proper, and equitable." ECF No. 1 at 3. He thus challenges the fact of his confinement, not the conditions of his confinement. Accordingly, the Clerk's Office shall change the cause and nature of suit designations to reflect this is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner Roberts is currently incarcerated at the Lawtey Correctional Institution in Lawtey, Florida, which is in Bradford County, located in the Middle District of Florida. See 28 U.S.C. § 89(b). Roberts challenges a state

court judgment from the Twelfth Judicial Circuit, DeSoto County, Florida, which is also located in the Middle District of Florida. ECF No. 1 at 1; *see* 28 U.S.C. § 89(b).

For federal habeas corpus actions, jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district of conviction or in district of incarceration). Petitioner Roberts is not confined in this district and does not challenge the judgment of a state court located in this district; thus, jurisdiction is not appropriate in the Northern District of Florida. This petition should be transferred to the United States District Court for the Middle District of Florida. *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) ("Under 28 U.S.C.A. § 2241(d), state convicts may file federal habeas corpus petitions in the district either where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses."). *See also* Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992) (explaining that "district courts should avoid the temptation

to transfer habeas petitions without giving careful consideration to the convenience of witnesses" and, at note 118, citing <u>Mitchell</u>).

## ORDER

The Clerk's Office shall change the cause and nature of suit designations for this case to reflect it is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 30, 2025.

<u>S/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or

**recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**